**Attorney for** *Defendant* **BLATT BILLIARD CORP.**
Marc R. Ruby
THE RUBY LAW FIRM, PLLC
1 University Plaza; Suite 304
Hackensack, NJ 07601
Phone:          (201) 582-6000
Fax:      (201) 582-3520
Email:  *marc@marcruby.com*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**

| |
|---|
| **JAMES DEWULF,**<br><br>        *Plaintiff,*<br><br> **vs.**<br><br>**BLATT BILLIARD CORP. and JANE DOES**<br>**1-10 and XYZ CORPORATIONS 1-10,**<br>        *Defendants.* |

Civil Action No.
2:22-cv-04851-KM-AME

**ANSWER**

**TO ALL PARTIES AND ATTORNEYS OF RECORD**:

  *By, and through its undersigned attorney, Defendant* **BLATT BILLIARD CORP. ("BLATT"), Answers** *Plaintiff,* **JAMES DEWULF ("DE WULF")'s Complaint, as follows:**

**NATURE OF ACTION**

1.  **BLATT admits** DE WULF has filed an action alleging trade dress infringement, unfair competition and seeks relief. **BLATT denies** DE WULF has viable claims arising under the trademark and service mark laws of the United States, including 15 U.S.C. § 1051 *et seq.* ("Lanham Act'), or the common law of the State of New Jersey. **BLATT denies** DE WULF has a cognizable, much less a protectable trade dress. As such, **BLATT denies** any willful, blatant, or any misappropriation of DE WULF's purported trade dress whatsoever. **BLATT denies** any effort to trade off the goodwill associated with the trade dress DE WULF claims.

## THE PARTIES

2. **BLATT admits** DE WULF is an individual. **BLATT denies on lack of knowledge or information** that DE WULF has a business address at: 3307 Exposition Place, Los Angeles, California 90018. DE WULF's application with the United States Patent and Trademark Office states DE WULF has the above address.

3. **BLATT admits** to being a corporation organized and existing under the laws of the state of New York, with its main headquarters at: 330 West 38th Street; New York, NY 10018. **BLATT admits** having a place of business located at: 350 South Main Street; Wood-Ridge, New Jersey 07075.

4. **BLATT admits** to selling and shipping products within the State of New Jersey.

## JURISDICTION, VENUE AND STANDING

5. **BLATT admits** DE WULF has laid venue in this Court. The balance of this allegation is non-factual. As such, **BLATT based upon lack of knowledge or information, BLATT denies** this Court's subject matter jurisdiction over this action, or supplemental jurisdiction over DE WULF's claims.

6. **BLATT admits** to filing an Answer to DE WULF's Complaint, in this Court. The balance of this allegation is non-factual. As such, based upon **lack of knowledge information, BLATT denies** this Court's personal jurisdiction over the parties to this action. **BLATT denies** DE WULF has viable claims against BLATT—arising anywhere. **BLATT admits** to doing business in New Jersey. **BLATT lacks knowledge or information** regarding whether DE WULF does business in New Jersey and therefore **BLATT denies** he does.

7. **Based upon lack of knowledge or information, BLATT denies** venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. **BLATT admits** doing business in New Jersey. **Based upon lack of knowledge or information, BLATT denies** DE WULF does business in New Jersey. **BLATT lacks knowledge, information, or belief** regarding whether witnesses and evidence are located

within this judicial district. **BLATT denies** the occurrence(s) of any acts DE WULF complains of herein.

8.       **Based upon lack of knowledge or information, BLATT denies** DE WULF  has standing to bring this action pursuant to 15 U.S.C. § 1125(a)(1) and the statutory and common laws of the State of New Jersey.

**FACTUAL ALLEGATIONS**<br>**A. PLAINTIFF'S DISTINCTIVE NON-FUNCTIONAL TRADE DRESS**

9.       **BLATT admits** DE WULF alleges he is an artist and designer. **Based upon lack of knowledge or information, BLATT denies** DE WULF is "well-known." **BLATT admits** DE WULF claims to "design" gaming tables, furniture, countertops, sinks, lighting and other home design fixtures. **Based upon lack of knowledge or information, BLATT denies** DE WULF features a modern and/or minimalistic design aesthetic.

10.      **Based upon lack of knowledge or information, BLATT denies** DE WULF began his design career in 2004. BLATT **lacks knowledge, information, or belief** regarding whether DE WULF "established" "DeWulf Concrete, Inc." However, after some investigation, and upon information and belief, BLATT has ascertained:

- Articles of Organization of a "DeWulf Concrete, Inc." dated December 27, 2004, were filed in the Office of the Secretary of State of the State of California, on January 1, 2005.

- On, or about April 30, 2007, DE WULF filed a Statement of Information, with the State of California's Secretary of State, whereunder DE WULF indicated DE WULF was the President, Chief Financial Officer, Agent for Service of Process, and Chief Executive Officer of "DeWulf Concrete, Inc." In the same filing, DE WULF  indicated Noureen DeWulf was the Secretary and Vice President of "DeWulf Concrete, Inc."

- DE WULF certified to the Secretary of State that "DeWulf Concrete, Inc."'s "type of business" was "concrete tabletops, countertops, sinks, slabs."
  - Subsequently, on, or about July 31, 2009, DE WULF removed Noureen DeWolf's name from "DeWulf Concrete, Inc.", and replaced her with Matt Paul Zwolensky, as Secretary and Vice President.

- DE WULF then certified to the Secretary of State that "DeWulf Concrete, Inc."'s "type of business" was "concrete furniture, tables, countertops."

- "DeWulf Concrete, Inc." is not in good standing with, and has been Suspended by the Secretary of State of the State of California:



- The State of California's Board of Equalization filed a Notice of Tax Line with California's Secretary of State, against "DEWULF CONCRETE, INC." on, or about September 11, 2014.

- This lien is seemingly not satisfied, and still of-record.

- DE WULF, an individual, is now suing BLATT for compensatory and punitive damages.

**Based upon lack of knowledge or information, BLATT denies** "DeWulf Concrete, Inc." is/was a boutique design firm servicing architects, interior decorators, commercial retail outlets, and residential clients.

11. **Based upon lack of knowledge or information, BLATT denies** DE WULF rose to particular critical acclaim in 2011 after creating and launching his line of gaming tables which includes billiards tables, table tennis tables and shuffleboard tables and that DE WULF has since become known for his cutting-edge and avant-garde designs.

    **BLATT admits** DE WULF has attached magazine articles to his complaint.

12. **Based upon lack of knowledge or information, BLATT denies** DE WULF's Gaming Tables may be purchased at select retail locations and through DE WULF's website.

13. **BLATT denies** DE WULFs Gaming Tables bear DE WULF's unique, arbitrary, distinctive and non-functional trade dress, and BLATT denies an alleged "DeWulf Trade Dress".

14. **BLATT denies** DE WULF has a unique, arbitrary, distinctive and non-functional alleged "DeWulf Trade Dress" featured on Gaming Tables.

    **BLATT admits** DE WULF claims to have a purported trade dress "comprised of **a base** (emphasis added) consisting of two open, **rectangular box shaped legs** (emphasis added) which **are placed** (emphasis added) such that the tops and bottoms of the base are **parallel lengthwise to the width** (emphasis added) of the **tabletop** (*emphasis added*) of the Gaming Table. The top ends of **the base** (*emphasis added*) are **intersected perpendicularly** (*emphasis added*) by **two parallel ski**

**shaped support beams** (*emphasis added*) **running the length** (*emphasis added*) of the Gaming **Table** (*emphasis added*). The **tabletop** (emphasis added) of the Gaming **Table** (*emphasis added*) **is placed on top** (*emphasis added*) of the skis **lengthwise** (*emphasis added*). The overall appearance of the DeWulf Trade Dress combines sculptural yet industrial clean lines with airy negative space in a unique manner that had never been seen before on gaming tables, as gaming tables **<u>typically</u>** (*emphasis added*) feature either four corner legs or a central large and weighty base."

DE WULF's verbose, gratuitous, and baroque description can not disguise that DE WULF has only succeeded in describing a function—the function of "supporting" a "tabletop" with a "base" "consisting  of two open, rectangular box shaped (sic) legs."

Below, the industrial tables, directly behind DE WULF, are apparently supported in a similar manner to what DE WULF claims as his "trade dress", with "two open, rectangular box shaped legs which are placed such that the tops and bottoms of the base are parallel lengthwise to the width of the tabletop of a Gaming Table."





15.   **Based upon lack of knowledge or information, BLATT denies** DE WULF "launched" billiard tables in 2011. **BLATT denies** the existence of an alleged "DeWulf Trade Dress" associated with the table DE WULF depicts:



The table DE WULF depicts above is similar to myriad other tables readily available for sale and purchase, all over the world wide web:



Not only is the table depicted immediately above "SOLD OUT", but publicly-traded retail giant, *Wayfair®,* is absent as a defendant from DE WULF's caption.









16.     **BLATT admits** DE WULF filed a U.S. Trademark Application with the U.S. Patent and Trademark Office (shortly before filing his instant action and suit against BLATT) on, or about May 22, 2022. **BLATT denies** DE WULF has a "distinctive trade dress."

17.     **BLATT lacks knowledge, information, or belief** regarding whether the overall design of the alleged DeWulf Trade Dress has a minimalistic aesthetic. **BLATT denies** DE WULF has a "minimalistic aesthetic" that is unique and that allows DE WULF's Gaming Tables to stand out from his competitors. **BLATT denies** there is a unique, arbitrary, distinctive and non-functional trade dress featured on DE WULF's Gaming Tables deviating from designs found on other gaming tables, which typically include four corner legs or a central heavy base, and more ornate design elements.

18.     **BLATT denies** the arrangement and combination of all the aforementioned elements comprising an alleged DeWulf Trade Dress is unique, arbitrary, distinctive and non-functional, and **BLATT denies** an acquired secondary meaning as an indicator of source of DE WULFs Gaming Tables. **BLATT denies** DE WULF has a valid and protectable trade dress.

19.     **Based upon lack of knowledge or information, BLATT denies** DE WULF's choice of concrete as a medium for his goods is meant to be long lasting and weather resistant. **BLATT denies** the actual design comprising an alleged DeWulf Trade Dress is non-functional, as (1) it does not yield any utilitarian advantage to DE WULF; (2) there are innumerable alternative designs available for gaming tables, as evidenced by the designs depicted in Exhibit B of DE WULF's Complaint. BLATT lacks knowledge, information, or belief regarding whether DE WULF's advertisement materials do or do not promote any utilitarian advantages of the design. **BLATT denies** there is a DeWulf Trade Dress. **BLATT lacks knowledge, information, or belief** regarding a simpler or less expensive method of manufacture. **BLATT lacks knowledge, information, or belief** regarding DE WULF's competitive advantage. **Based upon lack of knowledge or information, BLATT denies** DE WULF's alleged artisanal method of manufacture, expense, and time consumption compared with standard gaming tables.

20.     **BLATT denies** an alleged "DeWulf Trade Dress" has been in continuous use by DE WULF since 2011.   **BLATT denies** an alleged "DeWulf Trade Dress" altogether.

21.     **Based upon lack of knowledge or information, BLATT denies** time, money, effort or other resources DE WULF has expended on advertising, promotion, development and marketing. **BLATT denies** there is anything unique, arbitrary, distinctive and/or non-functional associated with an alleged "DeWulf Trade Dress." Moreover, **BLATT wholly denies** an alleged "DeWulf Trade Dress." **Based upon lack of knowledge or information, BLATT denies** DE WULF's goods are "high-quality."

22.     **Based upon lack of knowledge or information, BLATT denies** DE WULF markets and promotes Gaming Tables through his website, social media accounts and at industry design and trade shows such as the International Contemporary Furniture Fair in New York City, New York, Maison et Objet in Paris, France and Design Miami in Miami, Florida.

23.     **Based upon lack of knowledge or information, BLATT denies** DE WULF's website, social media accounts and other marketing materials all promote and display photographs. **BLATT denies** any alleged unique, distinctive and non-functional "DeWulf Trade Dress."

        **Based upon lack of knowledge or information, BLATT denies** representative examples of DE WULF's website, social media accounts and marketing materials. **Based upon lack of knowledge or information, BLATT denies** DE WULF's website, social media accounts and other marketing materials. **BLATT denies** an alleged unique, distinctive and non-functional "DeWulf Trade Dress."

24.     **Based upon lack of knowledge or information, BLATT denies** dozens of home décor and lifestyle publications have featured DE WULF's gaming tables. **BLATT denies** an alleged "acclaimed DeWulf Trade Dress." **BLATT admits** DE WULF has attached exhibits to his Complaint.

25.     **Based upon lack of knowledge or information, BLATT denies** what third-parties have said. **BLATT denies** an alleged "unique design of [a] DeWulf Trade Dress."

26.     **BLATT denies** extensively using an alleged "DeWulf Trade Dress." **BLATT denies** an alleged "DeWulf Trade Dress." **BLATT denies** DE WULF has acquired any secondary meaning. **BLATT denies**  an alleged "DeWulf Trade Dress." **BLATT denie s** substantial consumer recognition and goodwill associated with an alleged "DeWulf Trade Dress." **BLATT denies** an alleged "DeWulf Trade Dress." **BLATT denies** the public identifies DE WULF as the source of DE WULF's gaming tables. **Based upon lack of knowledge or information, BLATT denies** DE WULF's advertising, marketing and promotional efforts.

## B. PLAINTIFF'S AND DEFENDANT'S BUSINESS RELATIONSHIP AND DEFENDANT'S SUBSEQUENT INFRINGEMENT

27.     **BLATT admits** to manufacturing gaming tables. **BLATT admits** to selling gaming tables.

28.     **BLATT denies** an alleged "DeWulf Trade Dress." **BLATT denies** any secondary meaning as identifying DE WULF as the source of DE WULF's gaming tables. **BLATT denies** a distinguishment between DE WULF's gaming tables and those of others. **BLATT admits** meeting DE WULF at a fair. **BLATT denies** approaching DE WULF at a fair. **BLATT denies** approaching DE WULF to "enter into a business arrangement to promote and sell DE WULF's gaming tables through BLATT's own website." **BLATT admits** previously having a DE WULF gaming table for sale on BLATT's website.

29.     **BLATT denies** adopting and selling its own line gaming tables featuring a confusingly similar design to DE WULF's table. **BLATT denies** the notion of alleged "Copycat Tables." BLATT sells custom designed and built gaming tables. BLATT also sells pool tables, ping pong table and gaming equipment, purchased from other manufacturers.

30.     **BLATT denies** duplicating any design details and elements. **BLATT denies** the alleged "unique, arbitrary, distinctive and non-functional DeWulf Trade Dress." **BLATT denies** the alleged "Copycat Tables.". **BLATT denies** an alleged "DeWulf Trade Dress." **BLATT denies** selling, duplicating, fabricating, or manufacturing anything made up of two open rectangular box shaped legs and lengthwise parallel skis upon which the tabletops rest, which is "identical" to DE WULF's table.

31.     **BLATT denies** DE WULF's description of what appears in the chart. DE WULF's tables are made of concrete. The tables depicted in the right-hand column are made of wood. The table tops in the left hand-column overhang the bases. The tabletops on the tables in the right-hand column do hang over the bases. The

tables in the right-hand column are not the same colors as the tables in the left-hand column. The ping-pong tables on the left has a thin top. The ping-pong table on the right has a thick top. The billiard table in the left-hand column catches balls in mesh nets. The billiard table on the right features a ball return system. The tables in the right-hand column are not intended for outdoor use. He tables in the right-hand column are intended for outdoor use.  The tables in the left-hand column are much heavier than the tables in the right-hand column. The bases of the tables in the left-hand column are difference dimensions that the bases of the tables in the right-hand column.

32. **BLATT denies** a close resemblance between the tables in the left-hand column and the tables in the right-hand column. **BLATT denies** an alleged "DeWulf Trade Dress." **Based upon lack of knowledge or information, BLATT denies** DE WULF's commercial opportunities, exploits, and monetization. **BLATT denies** the existence of alleged "Copycat Tables."

33. **BLATT denies** doing anything to cause consumer confusion, mistake, or deception as to the source of BLATT's tables. **BLATT denies** the alleged "Copycat Tables." **BLATT denies** the public is likely to believe BLATT's goods are sponsored by, approved by, licensed by or otherwise affiliated with or legitimately connected to DE WULF.

In contravention to this allegation, on Thursday, May 5, 2022 at 7:49 PM, DE WULF made the following party admission:

**It feels like my call is being put on the back burner so I'll put my thoughts in this email.**

**I can totally understand your perspective on these simple looking designs not being unique.  But they were.  I designed our Ping Pong table in 2011 and the Pool table in 2012.  I really poured over the proportions and shape for a few years; trying to tie everything together with the Fibonacci sequence for the most pleasing proportions.  My goal was to make something visually light as most pool tables are so bulky looking.  These two designs really elevated my**

business as they received many accolades and press.  Prior to 2013 there was not a similar table on the market.

In 2016 Steve approached me at the ICFF and complimented me on the unique design. He said something like, "My family's been doing billiards for 100 years and this table is really unique."  We shook hands and agreed to have Blatt represent my work in NYC.  Sales went good for about a year and then tapered off.

I can understand making one or two replicas on the side but you guys have done a full blown line based on the design of mine that you agreed to represent.  I'm not trying to be a pain but I'm getting push back from my clients and doubt of my own authenticity.

To be honest, this has been keeping me up at night.  I'm trying to take the high road and say, "I've done similar kinds of things in the past," maybe not on the same scale, but we're all human.  Let's re-affirm our working relationship and work together on this.  I would like to have design credit for this shape and am happy to have you guys make and sell them.  We can let past sales under the bridge and structure something that works for both of us moving forward.

I feel confident that I could sell 2 or more of your replicas per month, probably more.  I'd love to have this be a collaboration rather than a competition.  Let me put Blatt on my website, insert your tables into my sales channels, and send my clients to your showrooms.

34.    **BLATT denies** alleged "Copycat Tables." **BLATT denies** doing anything to misappropriate and profit off of DE WULF's goodwill.  **BLATT denies** consumers will be led to believe the tables in the right-hand column of the chart in DE WULF's 32nd allegation, are one and the same as the tables in the left-hand column.

35.    **BLATT denies** doing anything unlawful.  **BLATT denies** any infringement.  **BLATT denies** any unfair competition.  **BLATT denies** any misappropriation.

**BLATT denies** profiting off of DE WULF's goodwill. **BLATT denies** an alleged "DeWulf Trade Dress." **BLATT denies** any injuries to DE WULF.

<u>COUNT I</u>
**FALSE DESIGNATION OF ORIGIN, UNFAIR
COMPETITION AND TRADE DRESS INFRINGEMENT
UNDER THE LANHAM ACT**

36.     BLATT repeats and restates each of the foregoing paragraphs 1-35, as though fully set forth herein.

37.     **BLATT denies** any consumer deception in violation of is likely to cause consumer confusion or mistake and/or consumer deception in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). **BLATT denies** the alleged "Copycat Tables." **BLATT denies** DE WULF has, and **BLATT denies** the existence of an alleged protectable, unique, arbitrary, distinctive and non-functional "DeWulf Trade Dress."

38.     **BLATT denies** any misappropriation of a valuable property right and the goodwill of DE WULF. **BLATT denies** attempting to falsely create confusion and the impression in the mind of consumers. **BLATT denies** the alleged "Copycat Tables."

39.     **BLATT denies** its activities misrepresent the nature, characteristics, or qualities of BLATT's goods.

40.     **BLATT denies** doing anything to constitute unfair competition, false designation of origin, trade dress infringement, and false description and representation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41.     **BLATT denies** committing acts of false designation of origin and false description and representation, **BLATT denies** DE WULF developed an alleged "DeWulf Trade Dress." **BLATT denies** DE WULF has any rights in an alleged "DeWulf Trade Dress." **BLATT denies** an alleged "DeWulf Trade Dress.."

42.     **BLATT denies** any acts of unfair competition. **BLATT denies** DE WULF has suffered and will continue to suffer serious and irreparable harm. **BLATT denies** DE WULF has any remedy at law, in equity, or any remedy whatsoever.

<u>COUNT II</u>
**COMMON LAW TRADE DRESS INFRINGEMENT AND
UNFAIR COMPETITION**

43.     BLATT repeats and restates each of the foregoing paragraphs 1-42, as though fully set forth herein.

44.     **BLATT denies** DE WULF owns any rights, title, and interest in an alleged "DeWulf Trade Dress", including any common law rights therein.

45.     **BLATT denies** any acts constituting infringement of DE WULF's rights in an alleged "DeWulf Trade Dress." **BLATT denies** an alleged "DeWulf Trade Dress." **BLATT denies** tending to falsely represent that BLATT's tables are "Copycat Tables." **BLATT denies** any alleged "Copycat Tables." **BLATT denies** anything tending to falsely represent that BLATT's tables are provided by, sponsored by, approved by, licensed by, affiliated with or in some other way legitimately connected to DE WULF and are of the same character, nature and quality as the goods provided by DE WULF, thereby damaging DE WULF and DE WULF's reputation.

46.     **BLATT denies** anything constituting acts of unfair competition against DE WULF under the common law of the State of New Jersey. **BLATT denies** BLATT has injured DE WULF in DE WULF's trade and business.

47.     **BLATT denies** causing damage to DE WULF and to the goodwill associated with DE WULF's alleged trade dress. **BLATT denies** DE WULF's alleged trade dress.

48.     **BLATT rejects and denies** any notion of being enjoined. **BLATT denies** any wrongful acts. **BLATT denies** DE WULF has, or will continue to suffer

irreparable harm. **BLATT denies** DE WULF has any remedy whatsoever, whether at law, or otherwise.

**COUNT III**
**UNFAIR COMPETITION UNDER N.J.S.A. § 56:4-1**

49.   BLATT repeats and restates each of the foregoing paragraphs 1-48, as though fully set forth herein.

50.   **BLATT denies** adopting and using a confusingly similar trade dress for its alleged "Copycat Tables." BLATT denies any alleged "Copycat Tables." **BLATT denies** falsely indicating that BLATT is connected with, sponsored, endorsed, authorized, approved by or affiliated with DE WULF.

51.   **BLATT denies** adopting and using a confusingly similar trade dress for its alleged "Copycat Tables." BLATT denies any alleged "Copycat Tables." **BLATT denies** any likelihood to cause confusion, mistake or deception as to the source or affiliation of BLATT's goods.

52.   **BLATT denies** adopting and using a confusingly similar trade dress for its alleged "Copycat Tables." **BLATT denies** the alleged "Copycat Tables." **BLATT denies** receiving  any benefit of DE WULF's goodwill. BLATT denies DE WULF has established goodwill.

53.   **BLATT denies** anything constituting unfair competition in violation of the New Jersey Unfair Competition Statute, N.J.S.A. § 56: 4-1, and the common law of the State of New Jersey.

54.   **BLATT denies** willfully committing the acts DE WULF complains of.

55.   **BLATT denies** the actions DE WULF complains of. **BLATT denies** being unjustly enriched. **BLATT denies** DE WULF has been harmed. **BLATT denies** there should be a trial. **BLATT denies** DE WULF has been, or will continue to be harmed. **BLATT denies** any amount of damages to DE WULF. **BLATT denies** DE WULF has suffered, or will suffer irreparable injury. **BLATT rejects and**

**denies** any notion of   enjoinment. **BLATT denies** the actions DE WULF complains of.

## AFFIRMATIVE DEFENSES

BLATT submits the following affirmative defenses to DE WULF's allegations and claims, and reserves the right to submit additional defenses, when necessary or appropriate.

### FIRST AFFIRMATIVE DEFENSE
The Court lacks subject matter jurisdiction over Plaintiff's claims.

### SECOND AFFIRMATIVE DEFENSE
Plaintiff's claims are time-barred.

### THIRD AFFIRMATIVE DEFENSE
Plaintiff's claims are not ripe.

### FOURTH AFFIRMATIVE DEFENSE
Plaintiff's claims are moot.

### FIFTH AFFIRMATIVE DEFENSE
Plaintiff lacks standing for bringing his claims.

### SIXTH AFFIRMATIVE DEFENSE
Plaintiff's claims are non-justiciable.

### SEVENTH AFFIRMATIVE DEFENSE
Plaintiff's complaint fails to state claims against Defendant.

### EIGHTHH AFFIRMATIVE DEFENSE
Defendant, Blatt Billiard Corp. is an improper party to this action.

### NINTH AFFIRMATIVE DEFENSE
Defendant, Blatt Billiard Corp. is an unnecessary party for this action.

### TENTH AFFIRMATIVE DEFENSE
Plaintiff's claims are frivolous.

### ELEVENTH AFFIRMATIVE DEFENSE
This Court should abstain from hearing Plaintiff's claims.

### TWELFTH AFFIRMATIVE DEFENSE

There has been an accord and satisfaction.

### THIRTEENTH AFFIRMATIVE DEFENSE

It would be against public policy for this court to award Plaintiff punitive damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

It would be against public policy for this court to award Plaintiff relief.

### FIFTEENTH AFFIRMATIVE DEFENSE

It would be against public policy for this court to award Plaintiff a declaratory judgment.

### SIXTEENTH AFFIRMATIVE DEFENSE

It would be against public policy for this court to award Plaintiff attorney's fees.

### SEVENTEENTH AFFIRMATIVE DEFENSE

It would be against public policy for this court to award Plaintiff damages.

### EIGHTHEENTH AFFIRMATIVE DEFENSE

It would be against public policy for this court to award Plaintiff nominal damages.

### NINETEENTH AFFIRMATIVE DEFENSE

It would be against public policy for this court to award Plaintiff expenses or costs.

### TWENTIETH AFFIRMATIVE DEFENSE

The American Rule prohibits Plaintiff from recovering attorney's fees.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant has accepted Defendant's payment.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by abstention.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The statutes Plaintiff sues under do not provide for costs or attorney's fees.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by *The Doctrine of Unclean Hands*.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has waived his claims.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requests for relief are barred by estoppel.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requests for relief are barred by judicial estoppel.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requests for relief are barred because he has acted in bad faith.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims and requests for relief are barred by collateral estoppel.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims and requests for relief are barred by res judicata.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute-of-frauds.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by *laches*.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are stated ambiguously, making it difficult for Defendant, Blatt Billiard Corp. to respond to his allegations.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendant, Blatt Billiard Corp. is improperly joined to this action.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Necessary parties are not joined.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff has released Defendant, Blatt Billiard Corp. from liability.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has another pending proceeding.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has assumed the risk.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff has been contributorily negligent.

### FORTIETH AFFIRMATIVE DEFENSE

Matter in pais applies against Plaintiff.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail as a result of a failure of consideration.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has committed fraud.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are illegal.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were self-induced or caused by others.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's trade dress application is invalid.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff has acquiesced in the use of his alleged trade dress.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Mistake.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has released Defendant.

### FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by applicable statutes of limitation.

### FIFTIETH AFFIRMATIVE DEFENSE

Plaintiff's allegations are not simple, not precise, not direct, and are not factual.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are capped.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

Defendant's alleged acts are permissible under fair use.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff granted defendant a license for the acts Plaintiff alleges and complains of
Plaintiff has waived Plaintiff's claims.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

This Court lacks of jurisdiction over the subject matter of this Action

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

Defendant has adopted the contents of the Exhibits attached to his Complaint, as party
admissions.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over Defendant.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has brough claims in an improper venue.

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### FIFTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's exhibits and tables are inadequate and do not fairly an accurately depict the
gaming tables in controversy.

### SIXTIETH AFFIRMATIVE DEFENSE

Plaintiff can not prove non-functionality.

### SIXTY-FIRSTAFFIRMATIVE DEFENSE

Plaintiff's alleged trade dress is not inherently distinctive.

### SIXTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged trade dress has not acquired secondary meaning.

### SIXTY-THIRD AFFIRMATIVE DEFENSE

Defendant's gaming tables are not confusingly similar to Plaintiff's.

### SIXTY-FOURTH AFFIRMATIVE DEFENSE

Defendant's gaming tables will not cause confusion of prospective consumers.

### SIXTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has caused confusion of prospective customers.

### SIXTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish ownership of his alleged trade dress.

### SIXTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged trade dress is invalid.

### SIXTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff does not even have a *potentially* protectible trade dress.

### SIXTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff does not even have a protectible marketing concept.

### SEVENTIETH AFFIRMATIVE DEFENSE

Plaintiff does not even have a particular sales technique.

### SEVENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has authorized and consented to Defendant using and benefitting from Plaintiff's alleged trade dress.

### SEVENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are anti-competitive.

### SEVENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff  does not possess any goodwill.

### SEVENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff does not have a primary trade dress registration.

### SEVENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff does not have a secondary trade dress registration.

## SEVENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant should be allowed to intervene in Plaintiff's trade dress application, and bring an opposition proceeding.

## SEVENTY-SEVENTH AFFIRMATIVE DEFENSE

At all times, Defendant clearly identified Plaintiff as the source of goods.

## SEVENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant has acquired rights in, and to Plaintiff's alleged trade dress.

## SEVENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's trade dress application states: "The broken lines depicting the shape of the table, the support beams on the bottom of the table, and the game pieces indicate placement of the mark on the goods and are not claimed as part of the mark." As such, Plaintiff has only succeeded in describing function, thereby torpedoing his claims.

## EIGHTIETH AFFIRMATIVE DEFENSE

Defendant's alleged "Copycat Tables" are made from wood.

## EIGHTY-FIRST AFFIRMATIVE DEFENSE

Defendant's alleged "Copycat Tables" are not made from concrete.

## EIGHTY-SECOND AFFIRMATIVE DEFENSE

Defendant's alleged "Copycat Tables" are not intended for outdoor use.

## EIGHTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's designs have been in the public domain for many years.

## EIGHTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff admits to not working in wood.

## EIGHTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff admits to appropriating other people's designs.

## EIGHTY-SIXTH AFFIRMATIVE DEFENSE

If Plaintiff is injured, Plaintiff's harm was self-inflicted.

## EIGHTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has admittedly repeatedly failed at previous business ventures.

### EIGHTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff admits he was "late to the party" entering the concrete business.

### EIGHTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff does not seek expedited review of his trade dress application.

### NINETIETH AFFIRMATIVE DEFENSE

Plaintiff's tables are not unique.

### NINETY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's designs are not distinctive.

### NINETY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's designs are merely variations of previous designs.

### NINETY-THIRD AFFIRMATIVE DEFENSE

There is no flourish or ornament attached to Plaintiff's designs.

### NINETY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's designs are merely common shapes.

### NINETY-FIFTH AFFIRMATIVE DEFENSE

The marketplace is flooded with myriad designs similar to Plaintiff's.

### NINETY-SIXTH AFFIRMATIVE DEFENSE

The dimensions, shapes, and sizes of Plaintiff's designs are restricted and governed by standardization surrounding pool, billiards, ping-pong, and table tennis games.

### NINETY-SEVENTH AFFIRMATIVE DEFENSE

The seams of Plaintiff's tables do not line up:



## NINETY- EIGHTH AFFIRMATIVE DEFENSE

The only reason Plaintiff's tables have open rectangular bases, is because the solid rectangular bases Plaintiff previously used, were too heavy. As such, Plaintiff's open bases are purely functional. Plaintiff's tables use the simplest and easiest means and method of performing the <u>function</u> of supporting a table top.

## NINETY-NINTH AFFIRMATIVE DEFENSE

Since DE WULF "can totally understand" BLATT's perspective on these "simple looking" designs"… "not being unique", DE WULF most certainly can not claim secondary meaning, inherent distinctness, or that anyone would be confused by other "simple looking" non-unique designs.

## ONE HUNDREDTH AFFIRMATIVE DEFENSE

Defendant does not make, build, design, or manufacture the tables Plaintiff complains of.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, *Defendant*, Blatt Billiard Corp., prays this Court:

a.   Grant judgment for and in favor of *Defendant*, Blatt Billiard Corp. on all claims and reliefs alleged and/or asserted by *Plaintiff* James De Wulf;

b.   Order the cancellation of the Trade Dress Application, under serial number: 97/428,793;

c.   Award *Defendant*, Blatt Billiard Corp. its costs and attorneys' fees incurred in this action, in accordance with 15 U.S.C. § 1117, and/or other applicable statutory or common law;

d.   Order that *Plaintiff* James De Wulf take nothing by way of his claims;

e.   Order the US. Office of Patent and Trademark Office to enter the equivalent of a "FINAL REFUSAL" to register *Plaintiff* James De Wulf's alleged trade dress;

f.   Dismiss *Plaintiff* James De Wulf's claims with prejudice;

g.   Permit or issue right-to-intervene notifications to various publicly-traded companies selling gaming tables similar to *Plaintiff* James De Wulf's; *and/or,*

h.   Grant such other further and/or different relief as this Court deems just and proper.

**DATED: 13 September 2022**

*Respectfully submitted,*
**THE RUBY LAW FIRM, PLLC**
*By:*<u>/s/  Marc R. Ruby</u>
**Marc R. Ruby**
*Attorney for Defendant, Blatt Billiard Corp.*

## <u>INITIAL LOCAL CIVIL RULE 11.2 CERTIFICATION</u>

In compliance with 28 U.S.C. § 1746, *Defendant*, Blatt Billiard Corp. states *Plaintiff* James DeWulf has filed an application with the United States Patent and Trademark Office, under SERIAL NUMBER 97428793; and DOCKET/REFERENCE NUMBER: 30509/1/1. *Defendant*, Blatt Billiard Corp. is unaware whether *Plaintiff* James DeWulf has notified the United States Patent and Trademark Office of his instant action. In either event, *Defendant*, Blatt Billiard Corp. is not aware of any other pending arbitration or administrative proceeding associated with the instant matter in controversy.

*Respectfully submitted,*

**DATED: 13 September 2022**

**THE RUBY LAW FIRM, PLLC**
*By:*/s/  Marc R. Ruby
**Marc R. Ruby**
*Attorney for Defendant, Blatt Billiard Corp.*